PEOPLE v BROWNRIDGE

Docket No. 110570. Argued December 10, 1998 (Calendar No. 12).
     Decided April 20, 1999. Judgment order amended *post*, 1276.

Glen D. Brownridge was convicted by a jury in the St. Joseph Circuit
     Court, Meyer Warshawsky, J., of conspiracy to commit arson and
     arson of a dwelling. The Court of Appeals, NEFF, P.J., and D. A.
     ROBERSON, J. (SMOLENSKI, J., concurring in part and dissenting in
     part), affirmed in part, reversed in part, and remanded for a new
     trial, finding that the defendant was improperly precluded from
     attacking the credibility of the officer in charge of the case. 225
     Mich App 291 (1997) (Docket No. 183507). The people appeal.

In an opinion by Chief Justice WEAVER, joined by Justices TAYLOR,
     CORRIGAN, and YOUNG, the Supreme Court *held*:

The trial court's decision to exclude the offered credibility chal-
lenges was not an abuse of discretion, but, rather, demonstrates a
careful balancing of the harmful consequences of admitting the evi-
dence against its probative value under MRE 403 and the proper
application of MRE 608(b).

1. The trial court excluded challenges to the credibility of the
testimony  of the officer in charge offered under MRE 608(a) and
(b). Pursuant to MRE 608(a), testimony of a fellow police officer
regarding the reputation of the officer in charge for truthfulness
and the officer's opinion regarding the veracity of the officer in
charge was offered to rebut his testimony on cross-examination
that he had a reputation for truthfulness. There is no dispute that,
because he was the lead police investigator in the case, evidence of
his reputation for truthfulness and opinions regarding his veracity
would be relevant under MRE 608(a) and therefore admissible at
the discretion of the trial court. However, the trial court's exclusion
of the evidence did not amount to an abuse of discretion under
MRE 403. A review of the record demonstrates that the trial court
appropriately balanced the probative value of the evidence against
its danger of confusing the issues or misleading the jury.

2. The challenge offered pursuant to MRE 608(b) involved a
defense attempt to cross-examine the officer in charge regarding an
alleged false statement he made in a probable-cause affidavit in an
unrelated case. Under MRE 608(b) evidence of a specific instance

of conduct is admissible only if probative of truthfulness or untruthfulness. The trial court found that the affidavit was not probative of the officer's veracity. The decision to exclude the evidence was not an abuse of discretion.

Affirmed in part and reversed in part.

Justice BRICKLEY, joined by Justices CAVANAGH and KELLY, concurring in part and dissenting in part, stated that the trial court did not properly exclude testimony regarding the officer's reputation for truthfulness. It did not engage in the appropriate inquiry mandated by MRE 403, and its decision to exclude the testimony was made in uninformative and conclusory terms.

The majority overstates the discretion granted by MRE 403. The test of MRE 403 is strongly biased toward admissibility, and the language of the rule imposes upon the party seeking exclusion a difficult burden to satisfy. Because the principle underlying MRE 403 is the promotion of accurate and fair fact finding, the trial court has the responsibility to apply the balancing test set forth in the rule, with the appropriate inquiry directed at considering whether the evidence in question advances or detracts from accurate fact finding. In this case, when measured in terms of the context within which the evidence was offered, the testimony regarding the officer's credibility would assist the primary goal of MRE 403.

MRE 403 allows exclusion only after a court makes a serious search for prejudice and an honest attempt to balance. The pertinent inquiry is whether the probative value of the evidence would inflict unfair prejudice and, then, whether the danger of unfair prejudice substantially outweighs probative value. Only then does MRE 403 confer discretion on the trial court to exclude the evidence. However, the basis of the trial judge's exclusion of the evidence in this case was ambiguous. The importance of the officer's credibility made exclusion of this evidence error requiring reversal.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Jeffrey C. Middleton*, Prosecuting Attorney, and *Douglas K. Fisher*, Assistant Prosecuting Attorney, for the people.

*Bellanca, Beattie & Delisle, P.C.* (by *Frank D. Eaman*), for the defendant-appellee.

Amicus Curiae:

*Elwood Brown*, President, *John D. O'Hair*, Prosecuting Attorney, and *Timothy A. Baughman*, Chief, Research, Training and Appeals, for Prosecuting Attorneys Association of Michigan.

WEAVER, C.J. The defendant was convicted by a jury of conspiracy to commit arson[1] and arson of a dwelling.[2] He was sentenced to eleven months' imprisonment and ordered to pay restitution. However, the Court of Appeals reversed and ordered a new trial, finding that the defendant was improperly precluded from attacking the credibility of the officer in charge of the case. We affirm in part and reverse in part. Defendant's convictions are reinstated.

I

During the early morning hours of September 9, 1993, there was a fire at a house in Three Rivers that the defendant was buying on a land contract. Expert testimony established arson as the probable cause of the fire.

The prosecutor's theory was that the defendant had induced Raymond Turner to set the fire. There was some evidence tending to suggest that the defendant had a financial motive for burning the house. However, the critical evidence linking defendant to the crime was the testimony of two relatives of Raymond, who was deceased at the time of trial.[3] Raymond's

---

[1] MCL 750.157a; MSA 28.354(1).

[2] MCL 750.72; MSA 28.267.

[3] Raymond Turner's body was found in a river near the scene of the crime about two days later. A pathologist established the cause of death

wife, Deanna Turner, testified that on the day before the fire, her husband and defendant drove to the defendant's house for a conversation and returned about fifteen minutes later. Raymond told her that defendant had asked him to burn down a house in Three Rivers. Deanna unsuccessfully tried to persuade him not to do so, but he said he was going to because he needed the money. Deanna testified that her husband said defendant had given him money to buy gasoline with which to start the fire.

The other witness was Raymond's brother, Scott Turner. He testified that on the night of the crime Raymond picked him up and drove to Three Rivers. Raymond later told Scott that he was going to burn down a house and instructed Scott to drop him off and then pick him up fifteen minutes later. Scott said that he tried to persuade Raymond not to commit the crime, but was unsuccessful, and he eventually dropped Raymond off. When he returned and saw the house on fire, a police car was present, and he drove off without seeing his brother again. Scott said that he was testifying under an agreement with the prosecutor that he would plead guilty to his role in the crime in return for an agreement that the sentence would be two years probation with one year in jail.

Sgt. Earl Stark of the Three Rivers Police Department was the officer in charge of the case. He testified regarding his investigation of the fire and the finding of Raymond's body. He also said that he had obtained statements from both Deanna and Scott implicating defendant in the arson.

---

as drowning and opined that Turner had died two or three days before his body was found.

At trial, the defense theory was that Stark had a personal dislike for the defendant and had threatened Scott into implicating defendant in the crime and also convinced Deanna to accuse the defendant of asking Raymond to commit the arson.

The jury found the defendant guilty of the charged offenses of conspiracy and arson.

II

The trial court excluded challenges to Stark's credibility offered under MRE 608(a) and (b). When reviewing a trial court's evidentiary decisions our review is limited to abuse of discretion. *People v Bahoda*, 448 Mich 261; 531 NW2d 659 (1995). We are mindful that a "decision upon a close evidentiary question by definition ordinarily cannot be an abuse of discretion." *People v Golochowicz*, 413 Mich 298, 322; 319 NW2d 518 (1982).

A

Pursuant to MRE 608(a), testimony of Stark's fellow police officer, Michael Costello, regarding Stark's reputation for truthfulness, and Costello's opinion regarding Stark's veracity[4] was offered to rebut Stark's testimony on cross-examination that he had a reputation for truthfulness. There is no dispute that, as the lead police investigator in the case, evidence of Stark's reputation for truthfulness and opinions regarding his veracity would be relevant under MRE

---

[4] The defense also sought to use Costello's opinion testimony to criticize Stark's investigative methods. We affirm the Court of Appeals unanimous affirmance of the trial court's exclusion of Costello's opinion testimony regarding the propriety of Stark's investigative methods.

608(a) and, therefore, admissible at the discretion of the trial court. MRE 608(a) states in pertinent part:

> The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness . . . .

However, we find that the trial court's exclusion of the evidence did not amount to an abuse of discretion under MRE 403. MRE 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

A review of the record demonstrates that the trial court appropriately balanced the probative value of the evidence against its danger of confusing the issues or misleading the jury.

The trial court recognized numerous harmful consequences that could result from Costello's reputation testimony. Costello's testimony regarding Stark's reputation for truthfulness arose from a separate case filed by Costello against the police department and would have required testimony of a number of fellow officers. The trial court gave weight in its decision to exclude the testimony to the fact that Costello indicated his fellow officers would be unwilling to testify about Stark's reputation. In excluding the evidence, the trial court further commented on the special record: "I don't want to get into any personal vendettas within the factory. We have that all the time." Thus, further tipping the scales in favor of excluding

the evidence was the legitimate concern that aspects of Costello's pending litigation against the police department would become intertwined with the proofs of the case at hand, creating confusion of the issues for the jury. When the defense moved for a mistrial on the basis of the exclusion of Costello's proposed testimony, the trial court denied the motion concluding: "You call this an important witness. I call it a matter which is collateral. This whole thing is collateral to the issue. Is the client innocent, or is he guilty . . . ?" Finally, the trial court found that allowing the challenge would have the effect of trying a separate case and instead of enlightening the jury, "would have confounded and confused them . . . ."

With regard to Costello's opinion testimony regarding Stark's veracity, we note that the trial court erroneously precluded this evidence on the basis of a prior version of MRE 608(a) that, unlike the present version, did not allow opinion evidence to be used as an attack on witness character for truthfulness. However, the trial court nevertheless reached the right result for the wrong reason because, as with Costello's reputation testimony, Costello's opinion testimony was properly excluded pursuant to MRE 403. Specifically, the record reveals that defense counsel ably used other evidence to impeach Stark. The record also reveals that defense counsel consistently sought to shift the jury's attention by putting Stark on trial. In light of this record, we conclude that any probative value of Costello's opinion testimony was substantially outweighed by either the danger of confusion of the issues or the needless presentation of cumulative evidence.

Therefore, we affirm in part and reverse in part the judgment of the Court of Appeals and find that the trial court's exclusion of Costello's testimony regarding Stark's reputation for truthfulness and that Costello's opinion regarding Stark's veracity was not an abuse of discretion.

B

The challenge offered pursuant to MRE 608(b) involved the defense's attempt to cross-examine Stark regarding an alleged false statement he made in a probable-cause affidavit in an unrelated case. MRE 608(b) provides in pertinent part:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility . . . may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

For the reasons that follow, we find that the trial court did not abuse its discretion in excluding testimony regarding the allegedly false affidavit.

The affidavit contained a statement regarding the movement of a police tracking dog. On special record, Stark agreed that the affidavit stated that "the tracking dog . . . followed the track of the suspect . . . in the direction of 416 River Street. Further, that prior to the dog reaching that address . . . the dog lost the track and was unable to

pick it up again." On direct examination during a subsequent special record, Costello testified that the affidavit was false because the "dog didn't go anywhere near" the suspect's address. On cross-examination, Costello suggested that he believed the affidavit falsely stated that the dog had stopped *upon* reaching the suspect's address. However, Costello ultimately admitted on cross-examination that the dog leapt out of the fenced yard of 1012 River Street and went in a westerly direction for a very short distance toward the suspect's address before stopping. This concession was consistent with the content of the affidavit. Upon discovery that the content of the affidavit and Costello's understanding of the actual events were consistent, the trial court excluded the evidence. The trial court reasoned: "Now, merely to say that . . . [Stark] is not a man of truthfulness or veracity, and to prove it by one specific event where the issue of that event is one of interpreting a statement made in a report, which is open to many interpretations . . . is not sufficient background to attack the credibility of this witness."

Under MRE 608(b) evidence of a specific instance of conduct is admissible only "if probative of truthfulness or untruthfulness." The trial court found that Costello's admission demonstrated no inconsistency between the affidavit and the actual movement of the dog. Thus, the affidavit was not probative of Stark's veracity, and the decision to exclude the evidence was not an abuse of discretion. Further, the trial court rightly expressed concern that a protracted excursion into the movements of a dog in an unrelated case could very well have confused the jury. Thus, exclusion of the evidence, even if it had been

deemed relevant, would not have been an abuse of discretion under MRE 403. We find that the trial court did not abuse its discretion by excluding testimony regarding the allegedly false affidavit.

III

The trial court's decision to exclude the offered credibility challenges was not an abuse of discretion, but, rather, demonstrates a careful balancing of the harmful consequences of admitting the evidence against its probative value under MRE 403 and the proper application of MRE 608(b). We affirm in part and reverse in part the judgment of the Court of Appeals.[5] Defendant's convictions are reinstated.

TAYLOR, CORRIGAN, and YOUNG, JJ., concurred with WEAVER, C.J.

BRICKLEY, J. (*concurring in part and dissenting in part*). I concur with part II(B) of the majority opinion to the extent that it holds that the questioning of Officer Stark regarding an affidavit from an unrelated case was properly excluded by the trial court. I dissent, however, from part II(A), which holds that the trial court properly excluded testimony regarding Stark's reputation for truthfulness. In my view, the trial court did not engage in the appropriate inquiry mandated by MRE 403,  and its decision to exclude

---

[5] The defendant's application for leave to appeal as cross-appellant was held in abeyance pending decision on the issues on which leave to appeal was granted. That application is now considered, and it is denied, because we are not persuaded that the questions should be reviewed by this Court. Our resolution of the issues on which leave to appeal was granted makes it unnecessary to address additional issues regarding the Court of Appeals reasoning raised by the prosecutor.

Costello's testimony was made in uninformative and conclusory terms. I would affirm the judgment of the Court of Appeals and remand this case to the circuit court for a new trial.

I

Although acknowledging that Costello's testimony regarding Stark's reputation for truthfulness and his opinion with respect to Stark's veracity were relevant under MRE 608(a), the majority justifies exclusion under MRE 403. In my view, the majority overstates the discretion granted by MRE 403. The test of MRE 403 is strongly biased toward admissibility, and the language of the rule imposes upon the party seeking exclusion a difficult burden to satisfy: Unless the probative value is *substantially* outweighed by one or more of the enumerated dangers, the evidence will be admitted. Because the principle underlying MRE 403 is the promotion of accurate and fair fact finding, see, e.g., *Wischmeyer v Schanz*, 449 Mich 469, 481; 536 NW2d 760 (1995), the trial court has the responsibility to apply the balancing test set forth in the rule, with the appropriate inquiry directed at considering whether the evidence in question advances or detracts from accurate factfinding.[1] In the present case, when measured in terms of the context within

---

[1] As one commentator has explained:

[E]vidence is unfairly prejudicial when it detracts from the accuracy of factfinding by inducing the jury to commit an inferential error. Inferential errors occur when the jury perceives evidence to be logically probative of a fact when it is not, perceives the evidence to be more probative of fact than it logically is, or bases its decision on improper bias. [Gold, *Limiting discretion to exclude prejudicial evidence*, 18 U C Davis L R 59, 73 (1984).]

which the evidence was offered, Costello's testimony regarding Stark's credibility would assist the primary goal of MRE 403.

II

The majority concedes (but then apparently finds unworthy of further examination), that the basis of the trial judge's exclusion of the evidence is ambiguous: The trial judge initially incorrectly stated that only reputation evidence, not opinion testimony, could be used to attack Stark's credibility. However, the trial court's ruling also suggested that an inadequate foundation had been laid for the reputation evidence. Later, in response to a defense motion for a mistrial, the judge remarked that the matters about which Costello would testify would be "collateral," although in context that may have been referring to testimony by Costello on a separate record about his disagreement with some of Stark's investigative and interrogation techniques. By the time the judge ruled on the defendant's motion for a new trial, the basis for excluding the evidence had evolved to a theory that it would have confused the jury to introduce such material by leading the trial into tangential matters regarding the operation of the police department.[2]

---

[2] While it may be true, as a general proposition, that the trial court's familiarity with the tone and scope of the evidence presented to the jury puts it in an advantageous position to gauge the relative importance of potential prejudice and probative value, trial court decisions under MRE 403 should never be treated as unreviewable. See, e.g., Leonard, *Appellate review of evidentiary rulings*, 70 NC L R 1155 (1992). Moreover, the balance required is not pro forma: A sensitive analysis of the need for the evidence as proof on a contested factual issue, and the prejudice, if any, which may eventuate from admission, is required before passing on such

The majority excuses these lapses on the grounds that MRE 403 grants trial courts discretion, ignoring the fact that the rule bestows discretion to exclude only *after* the court makes a serious search for prejudice and an honest attempt to balance. In light of the ambiguous basis of the trial court's decision, and the sparse remarks contained therein, I cannot share the majority's view that the trial court's decision was premised on that court's recognition of "numerous harmful consequences." *Ante* at 461. Indeed, the trial transcript indicates that the purported "harmful consequences" ascribed to the trial court by the majority is reduced to the following solitary statement made by the trial judge:

> Now, I don't want to get into any personal vendettas within the factory. We have that all the time. We have it in the court system, you know, the one secretary says the other has too many pencils and we get into an argument, you know.

Whether any such "personal vendetta" actually existed within the Three Rivers Police Department is not, standing alone, a proper basis for exclusion under MRE 403. Rather, the pertinent inquiry is whether the probative value of the evidence would inflict *unfair* prejudice, and then, whether the danger of unfair prejudice "substantially outweighs" probative value. Only then does MRE 403 confer discretion on the trial court to exclude the evidence. In the pres-

---

an objection. Finally, the substantiality of the consideration given to those competing interests can best be guaranteed by an explicit articulation of the trial court's reasoning. The transcript in the instant case persuades me that the trial court conducted its inquiry on an ad hòc and standardless basis.

ent case, the trial court gives no hint (other than a vague reference to not wanting to generate "personal vendettas") regarding how or why the particular balance, if any, was struck.[3]

I agree with the Court of Appeals majority that the importance of Stark's credibility made exclusion of this evidence requiring reversal error. Moreover, the Court of Appeals conclusion that Stark's conduct was "at issue here" because he was "instrumental" in obtaining statements from witnesses whose veracity was "hotly contested" at trial was correct.[4] The testimony of Deanna and Scott Turner was the critical evidence linking the defendant to the crime, and it was Stark's interrogation that led to the statements and subsequent testimony incriminating defendant.[5] Finally, the trial court could have controlled any potential confusion emanating from the testimony by not admitting excessive material on the credibility issue. Accordingly, any fears about a parade of wit-

---

[3] The majority reviews by hindsight when it observes that the trial court was concerned that Costello's pending litigation against the police department would somehow inject itself into the present case, thereby "creating confusion of the issues for the jury." *Ante* at 462. I find no support for that proposition in the record; moreover, the trial court could, if necessary, limit the *scope* of such evidence at the time of Costello's testimony.

[4] 225 Mich App 291, 298; 570 NW2d 672 (1997).

[5] Scott Turner testified that during Stark's interrogation, Stark displayed animosity toward defendant, calling him a "worthless son of a bitch." Turner also testified that Stark told him that he (Turner) was not "going anywhere" until he told police what Raymond Turner told him regarding the arson. Finally, Turner admitted that because of his cooperation, Stark let him stay out of jail for three or four days and did not arrest him on an outstanding fugitive warrant. Thus, when Stark denied, on cross-examination, any improper conduct, and specifically denied Turner's admissions during his cross-examination regarding Stark's animosity toward defendant and his motivation to put defendant "behind bars," a serious credibility issue existed between Turner and Stark, and a jury should have been permitted to evaluate that issue.

nesses had Costello been allowed to testify are unfounded.

III

Because it was error for the trial court to exclude Costello's testimony regarding Stark's reputation for truthfulness, and because the error was not harmless in this case, I would affirm the judgment of the Court of Appeals and remand this case for a new trial.[6]

CAVANAGH and KELLY, JJ., concurred with BRICKLEY, J.

---

[6] At a minimum, the Court should remand this case to the Court of Appeals for consideration of defendant's other claims of error, which were not passed on by that panel in light of the reversal based on the exclusion of Costello's testimony.