## PEOPLE v JONES

Docket No. 216507. Submitted April 12, 2000, at Grand Rapids. Decided
April 28, 2000, at 9:30 A.M. Leave to appeal sought.

Valmarcus N. Jones was convicted by a jury in the Kent Circuit Court,
Robert A. Benson, J., of first-degree murder and possession of a
firearm during the commission of a felony. During the trial, follow-
ing the cross-examination of Alonzo K. Oliver, defendant's accom-
plice who had testified for the prosecution that the defendant had
fired the fatal shot, the prosecution was permitted to present, over
a defense objection, testimony concerning a statement made by
Oliver to a third party on the day after the murder to the effect that
Oliver had been with the defendant when the defendant shot and
killed the victim. The testimony concerning the prior statement
was admitted under MRE 801(d)(1)(B) as a prior consistent state-
ment. The defendant appealed.

The Court of Appeals held:

1. A statement may be admitted under MRE 801(d)(1)(B) as a
prior consistent statement through the testimony of a third party
where the declarant testifies at trial and is subject to cross-
examination, there is an express or implied charge of recent
fabrication or improper influence or motive with respect to the
declarant's testimony, the proponent of the testimony offers a prior
consistent statement that is consistent with the declarant's chal-
lenged in-court testimony, and the prior consistent statement was
made before the supposed motive to falsify arose.

2. The first and third elements are not in dispute. Oliver testified
at trial and was subject to cross-examination, and the proposed
prior statement was consistent with Oliver's in-court testimony.

3. The defendant argues on appeal that his trial counsel never
alleged that Oliver had recently fabricated his testimony, thereby
negating the second element necessary to admit testimony con-
cerning a prior consistent statement under MRE 801(d)(1)(B). The
trial court record, however, reveals that the defendant's trial coun-
sel argued during opening statement that Oliver's testimony
resulted from an improper influence or motive resulting from the
fact that Oliver was permitted to enter into a plea bargain that pro-
vided Oliver with a three-year sentence. Accordingly, the record

establishes the second element, that there has been an allegation of recent fabrication.

4. By establishing that Oliver made the prior consistent statement to the leader of a drug ring on the day after the murder and over two years before Oliver had contact with the prosecutor, the prosecution showed that the prior consistent statement had been made at a time and under such circumstances that Oliver had no motive to fabricate a story in an attempt to transfer the blame from himself to the defendant. Accordingly, the record supports a finding of the fourth element, that the prior statement was made before the supposed motive to falsify arose.

5. The trial court did not abuse its discretion in admitting the testimony concerning the prior consistent statement.

Affirmed.

EVIDENCE — PRIOR CONSISTENT STATEMENTS — RULES OF EVIDENCE.

A statement may be admitted as a prior consistent statement through the testimony of a third party where the declarant testifies at trial and is subject to cross-examination, there is an express or implied charge of recent fabrication or improper influence or motive with respect to the declarant's testimony, the proponent of the testimony offers a prior consistent statement that is consistent with the declarant's challenged in-court testimony, and the prior consistent statement was made before the supposed motive to falsify arose (MRE 801[d][1][B]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, *Timothy K. McMorrow*, Chief Appellate Attorney, and *T. Lynn Hopkins*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Lyle N. Marshall*), for the defendant on appeal.

Before: FITZGERALD, P.J., and BANDSTRA, C.J., and O'CONNELL, J.

PER CURIAM. Following a jury trial, defendant was convicted of first-degree murder, MCL 750.316; MSA 28.548, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2).

He was sentenced to life without parole for the murder conviction and to a two-year mandatory prison term for the felony-firearm conviction. Defendant appeals as of right. We affirm.

This case arises from defendant's involvement in the February 16, 1994, shooting death of Jeffrey Owens. At issue is a statement made by defendant's accomplice, Alonzo Keyon Oliver, to Steve Irvin, the leader of a Grand Rapids drug ring, on the day after Owens' murder. Specifically, defendant argues that Oliver's statement to Irvin that Oliver was with defendant when defendant shot and killed Owens does not qualify as a prior consistent statement under MRE 801(d)(1)(B). Further, citing *People v Brownridge*, 225 Mich App 291; 570 NW2d 672 (1997), aff'd in part, rev'd in part on other grounds 459 Mich 456; 591 NW2d 26 (1999), amended on other grounds 459 Mich 1276 (1999), defendant argues that the prosecution should not have been allowed to call Troy Higgins to testify regarding what Higgins heard Oliver tell Irvin about Owens' murder.

The admission of evidence is within the trial court's discretion. *People v Starr*, 457 Mich 490, 494; 577 NW2d 673 (1998). The admission of a prior consistent statement through a third party is appropriate if the requirements of MRE 801(d)(1)(B) are satisfied. *Brownridge, supra* at 302, n 4. MRE 801(d)(1)(B) is identical to FRE 801(d)(1)(B). Thus, this Court finds persuasive federal cases that have construed FRE 801(d)(1)(B). See *Brownridge, supra* at 302, n 4; *People v Rodriquez (On Remand)*, 216 Mich App 329, 331; 549 NW2d 359 (1996). In *United States v Bao*, 189 F3d 860, 864 (CA 9, 1999), quoting *United States v Collicott*, 92 F3d 973, 979 (CA 9, 1996), the court

indicated that the party offering the prior consistent statement must establish four elements:

> "(1) the declarant must testify at trial and be subject to cross-examination; (2) there must be an express or implied charge of recent fabrication or improper influence or motive of the declarant's testimony; (3) the proponent must offer a prior consistent statement that is consistent with the declarant's challenged in-court testimony; and, (4) the prior consistent statement must be made prior to the time that the supposed motive to falsify arose."

The first and third elements are not in dispute. The crux of defendant's argument is that defense counsel never alleged that Oliver recently fabricated his testimony and that Oliver's prior consistent statement was made when he had a motive to lie, which negates the second and fourth elements necessary to admit Oliver's prior consistent statement.

A review of the record reveals that defense counsel alleged throughout her opening statement that Oliver's testimony resulted from improper influence or motive—i.e., a plea bargain that provided Oliver with a three-year sentence for admitting being an accomplice in Owens' murder. Thus, the second element was satisfied. See *People v Fisher*, 220 Mich App 133, 154; 559 NW2d 318 (1996).[1]

---

[1] Defendant's reliance on *People v Smith*, 158 Mich App 220; 405 NW2d 156 (1987), is misplaced. In *Smith*, the prosecutor attacked his own witness' credibility, alleging that the witness' testimony had been improperly influenced. *Smith, supra* at 227. The *Smith* panel reversed the trial court's decision to admit evidence of the witness' prior consistent statement, reasoning that "[i]t would seem improper to allow the prosecutor to attack the credibility of his own witness so that he could subsequently present otherwise inadmissible testimony bolstering the witness' credibility." *Id.* Unlike the facts of *Smith*, the prosecutor in the present case did not attack Oliver's credibility. To the contrary, defense counsel alleged throughout her opening statement that Oliver's testimony was motivated

Defendant also argues that the fourth element was not satisfied because Oliver's prior consistent statement was made when he had a motive to lie. In support of this argument, defendant relies on *People v Lewis*, 160 Mich App 20, 29; 408 NW2d 94 (1987), in which a previous panel of this Court determined that the prior consistent statement of the prosecution's witness was inadmissible in order "to rebut [the] defendant's suggestion that [the prosecution's witness] made up a story in return for the plea bargain offered to him." *Id.* The *Lewis* panel noted that the prosecution's witness had a strong motive to accuse someone else of the murder when he made the statement because the witness had not been offered a plea bargain and could have been charged with the murder. *Id.* at 29-30.

Defendant has failed to address *Fisher, supra*, which is factually similar to the present case. In *Fisher*, the defendant attacked the prosecution witness' credibility during cross-examination by alleging that the witness fabricated his testimony in order to receive a reduced sentence. *Id.* at 154-155. Thereafter, the prosecutor sought to rehabilitate the declarant-witness through prior consistent statements made to others. *Id.* Over the defendant's objection, the trial court determined that the prosecution witness' statement was a prior consistent statement under MRE 801(d)(1)(B). *Id.* The *Fisher* panel affirmed the trial court's decision, reasoning that because the witness'

---

by receiving a plea bargain that resulted in a mere three-year sentence for second-degree murder. Therefore, the prosecution was entitled to rehabilitate Oliver's credibility by introducing evidence that Oliver's in-court testimony was consistent with his statement to Irvin that was made over 2½ years before Oliver was offered a plea bargain. See *Fisher, supra* at 155.

statements were made to a friend and preceded the witness' contact with the prosecutor, the statements preceded the witness' motive to fabricate. *Id.* at 155.

Although there are a few similarities between the facts in *Lewis* and the instant case (e.g., both cases involve homicide and prior consistent statements), defendant's reliance on the *Lewis* decision is misplaced for several reasons. First, we believe that defendant has underemphasized the significant difference between the facts in *Lewis* and the facts in the present case, which are similar to *Fisher*. In *Lewis*, the declarant was a potential suspect who made a statement to a police officer during an ongoing homicide investigation. See *Lewis, supra* at 30. In *Fisher*, the declarant made a statement to a friend before the declarant had contact with the prosecutor. *Fisher, supra* at 155. Similarly, in the instant case, Oliver made a statement to Irvin (i.e., a person whom Oliver did not suspect of having any involvement with the police) over two-and-a-half years before Oliver had contact with the prosecutor.

Second, we believe that defendant has overemphasized the word "any" in the following excerpt from the *Lewis* decision:

> While there are exceptions to [the rule that prohibits either party in a criminal trial from bolstering a witness' testimony by seeking the admission of a prior consistent statement made by that witness], such as to rebut a charge of recent fabrication, the exceptions only apply if the earlier consistent statement was given at a time prior to the existence of *any* fact which would motivate bias, interest, or corruption on the part of the witness. [*Lewis, supra* at 29 (emphasis added).]

According to defendant's interpretation of the word "any" in the above quotation, the motive to lie at trial does not have to be the same motive that caused the declarant to lie when the statement was initially uttered.

For example, defense counsel expressly and impliedly raised several theories regarding why Oliver lied when telling Irvin that defendant shot Owens. During Oliver's cross-examination, defense counsel learned that Oliver wanted to impress defendant by claiming that he fired a shot. Also, defense counsel learned that Oliver was afraid of Irvin; therefore, defense counsel theorized that Oliver lied to Irvin because he was afraid of Irvin. Further, defense counsel implied during her cross-examination that Oliver shifted the blame to defendant because Oliver wanted to avoid going to prison.

Additionally, defendant argues on appeal that Oliver *could* have been charged with murder during the time in which Oliver made his statement to Irvin; therefore, Oliver had a motive to shift the blame to defendant as did the declarant in *Lewis*, *supra* at 29-30. However, the prosecution's witness in *Lewis* told a police officer that the defendant was the murderer, *id.* at 30, whereas Oliver told a drug ringleader that he was present when defendant shot Owens. As the *Lewis* panel noted, the prosecution's witness could have been charged with murder if he told the police officer that he committed the murder. *Id.* To the contrary, Irvin could not charge Oliver with murdering Owens. Further, Oliver testified that he did not suspect that Irvin would tape record the conversation in which Oliver admitted participating in Owens' murder.

According to defendant's interpretation of the phrase "*any* fact which would motivate bias, interest, or corruption on the part of the witness," any motive was sufficient to disqualify Oliver's statement as a prior consistent statement even if defendant alleges that Oliver's trial testimony is motivated by a plea bargain, which is yet a different motive. Apparently, defendant's understanding of the *Lewis* decision is that as long as a declarant *could* have had any motive to lie at the time the statement was made, regardless of whether the declarant *actually* had the motive at that time, then the statement does not qualify as a prior consistent statement under MRE 801(d)(1)(B).

However, we do not read *Lewis* as broadly as does defendant. In *Bao, supra* at 864, the court noted that "(2) there must be an express or implied charge of recent fabrication or improper influence or motive of the declarant's testimony . . . and, (4) the prior consistent statement must be made prior to the time that *the supposed motive to falsify* arose." Therefore, we conclude that the motive in the second element must be the same motive in the fourth element of the four-pronged test to admit a prior consistent statement under MRE 801(d)(1)(B). See *id.* If courts were to read the word "any" as broadly as does defendant, no prior consistent statement would ever be admitted.

In sum, we hold that the trial court properly allowed Higgins to testify about what he heard Oliver tell Irvin the day after Owens' murder because each of the four elements necessary to admit a prior consistent statement has been satisfied: (1) Oliver testified at trial and was subject to cross-examination; (2) defense counsel alleged throughout her opening statement that Oliver's testimony was motivated by receiv-

ing a plea bargain that resulted in a mere three-year sentence for second-degree murder; (3) the prosecution offered Oliver's statement in which Oliver told Irvin in a phone conversation one day after Owens' murder that he was with defendant when defendant killed Owens; and (4) Oliver told Irvin that defendant shot Owens before he was ever approached by the prosecutor with a plea bargain.

Affirmed.