*323 Young, C.J.
(concurring). I concur in the majority’s decision to reverse the judgment of the Court of Appeals and reinstate defendant’s conviction and sentence. Even if parole officer Cheryl Evans’s interrogation of defendant was a custodial interrogation by a law enforcement officer, the facts here indicate that defendant waived any right to have counsel present during this interrogation.[1] As a result, I believe that the question whether defendant’s interrogation was custodial for Miranda purposes is immaterial to the result in this case.
Evans testified at trial that defendant had submitted a letter to police indicating that he wanted to talk with them again and that defendant had reiterated that request when talking with her.[2] Because defendant had already sought to discuss the case with the police at the time Evans questioned him about the robbery, he “initiate[d] further communication, exchanges, or conversations with the police.”[3] Furthermore, this initiation of communication with Evans (even assuming for the purposes of Miranda that she was a law enforcement *324 officer) was knowing and intelligent.[4] Initially, “defendant was properly advised of his rights and understood them . . . ,”[5] And his request at the end of the meeting that Evans reiterate to the police his desire to speak with them underscores that his waiver was knowing and intelligent. Moreover, as the majority rightly notes, this request “ ‘strongly suggests that he was not misled by any expectation that his statements [to her] would remain confidential.’ ”[6] Therefore, as Evans did not violate defendant’s Fifth Amendment rights, I concur that his conviction should be affirmed.

 The parties have not argued the waiver issue. However, we generally do not disturb a trial court’s ruling when it reaches the right result for the wrong reason. See, e.g., People v Brownridge, 459 Mich 456, 462; 591 NW2d 26 (1999). Moreover, in this case, every member of the Court agrees that the relevant issue in this case is not — as the trial court and Court of Appeals ruled and the parties argued — whether Evans acted as a “law enforcement officer” pursuant to Miranda v Arizona, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

 While Justice McCormack would not rely on Evans’s testimony, this testimony has not been challenged, much less rebutted.

 Edwards v Arizona, 451 US 477, 484-485; 101 S Ct 1880; 68 L Ed 2d 378 (1981). Even though defendant did not initiate the particular conversation with Evans, he nevertheless initiated communication with law enforcement officials and, in doing so, “evinced a willingness and a desire for a generalized discussion about the investigation . ...” Oregon v Bradshaw, 462 US 1039, 1045-1046; 103 S Ct 2830; 77 L Ed 2d 405 (1983) (plurality opinion); accord id. at 1055 (Marshall, J., dissenting) *324 (“[I]n order to constitute ‘initiation’ under Edwards, an accused’s inquiry must demonstrate a desire to discuss the subject matter of the criminal investigation.”).

 See id. at 1044-1045.

 Id. at 1046 (citation and quotation marks omitted).

 Ante at 319, quoting Minnesota v Murphy, 465 US 420, 432; 104 S Ct 1136; 79 L Ed 2d 409 (1984).