# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 14, 2016

Plaintiff-Appellee,

v

No. 327301
Kent Circuit Court
LC No. 14-004731-FC

JAVON HARRIS,

Defendant-Appellant.

Before: MURRAY, P.J., and SAWYER and METER, JJ.

PER CURIAM.

Defendant Javon Harris appeals as of right his convictions of first-degree criminal sexual conduct, MCL 750.520b, and second-degree criminal sexual conduct, MCL 750.520c. We affirm.

First, defendant challenges the admissibility of two investigating officers who testified that the victim's in-court testimony was consistent with information the victim provided during prior interviews. Detective Kristine Beenen testified that the victim's in-court testimony was "very consistent" with her statements made in a prior interview. Naval Criminal Investigator Service Special Agent Mike Pierce also testified that the victim's in-court testimony was consistent with her statements made in a separate prior interview with him. We review defendant's unpreserved evidentiary claim with respect to these two statements for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

"It is generally improper for a witness to comment or provide an opinion on the credibility of another witness, because credibility matters are to be determined by the jury." *People v Dobek*, 274 Mich App 58, 71; 732 NW2d 546 (2007). A police officer's testimony that a prosecution witness' in-court testimony was consistent with a prior interview is substantively inadmissible. See *People v Smith*, 158 Mich App 220, 227; 405 NW2d 156 (1987) (The prosecutor elicited testimony from a detective that a witness' trial testimony was identical to two prior statements made by the witness to the detective, and this Court held that the testimony was inadmissible as a prior consistent statement.) However, a prior consistent statement may be admitted through a third party in certain circumstances pursuant to MRE 801(d)(1)(B). *People v Jones*, 240 Mich App 704, 706; 613 NW2d 411 (2000).

In this case, Detective Beenen's challenged statement was not admissible under MRE 801(d)(1)(B) because there was no "express or implied charge of recent fabrication or improper

-1-

influence or motive" prior to her testimony. *Jones*, 240 Mich App at 707 (quotation omitted). Thus, it was improper for Detective Beenen to comment that the victim's trial testimony was consistent with her interview statements. *Smith*, 158 Mich App at 226-227. Similarly, Agent Pierce's testimony was also inadmissible under MRE 801(d)(1)(B). In the course of Detective Beenen's cross-examination, defendant made an implied charge that the victim was improperly pressured into pressing charges against defendant. Agent Pierce testified after Detective Beenen. Thus, prior to Agent Pierce's testimony there was an "implied charge of . . . improper influence." *Jones*, 240 Mich App at 707 (quotation omitted). However, for Agent Pierce's testimony to be admissible, the victim's prior statement to him would have to be made "prior to the time the supposed motive to falsify arose." *Id.* (quotation omitted). The victim's prior consistent statement to Agent Pierce occurred approximately two years after Detective Beenen's contact with the victim and discussions of pressing charges. Thus, the prior consistent statement from Agent Pierce was "not prior to [when] the supposed motive to falsify arose." *Id.* Thus, neither prior consistent statement was admissible. *Smith*, 158 Mich App at 226-227; MRE 801(d)(1)(B). Therefore, the challenged testimony constitutes plain error. *Carines*, 460 Mich at 763.

However, defendant has failed to argue how this error affected his substantial rights, which was his burden on appeal. *Carines*, 460 Mich at 763. Nevertheless, we conclude that in light of the evidence the plain error was not outcome determinative. Defendant admitted at trial to the conduct underlying his second-degree criminal sexual conduct conviction. Defendant also testified that he did not challenge the victim's account of the events underlying the second-degree criminal sexual conduct. With respect to defendant's first-degree criminal sexual conduct conviction, the victim's testimony about one instance of first-degree criminal sexual conduct was corroborated by defendant's second sworn statement. Both indicated that defendant attempted to put his penis in her vagina, but it would not fit and that this event occurred in the bedroom of the victim's sister. The identified plain errors had no affect on defendant's substantial rights. *Id.*

Defendant also challenges Detective Beenen's testimony that the victim's behavior was consistent with that of a sexual abuse victim. Defense counsel objected to this and the prosecutor withdrew his question that elicited the statement. The trial court thereafter instructed the jury to disregard the question and not speculate on an answer. Later, the trial court instructed the jury that it could only consider evidence that the trial court let stand. "[J]urors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Because the jury presumably followed its instructions, defendant is not entitled to any relief.

Defendant also briefly asserts on appeal that the prosecutor placed the prestige of her office and the office of the police behind the contention that defendant was guilty. This argument is not set forth in defendant's statement of questions presented and is not properly before this Court. *People v Miller*, 238 Mich App 168, 172; 604 NW2d 781 (1999). Moreover, defendant failed to adequately brief this issue. *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority."). Similarly, defendant asserts that he was denied a fair trial, but he failed to adequately brief this issue as well by citing inapplicable law and not applying the facts of his case to his cursory argument that he was denied a fair trial. *Id.* While both of these arguments are abandoned, we have reviewed them and conclude that they are without merit.

Finally, defendant raises an ineffective assistance of counsel argument, but only gives it cursory treatment without explanation or rationalization. *Kelly*, 231 Mich App at 640-641. Nevertheless, we reviewed the lower court record, and conclude that defense counsel's actions with respect to the challenged statements amounted to trial strategy, which we will not second-guess. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012), citing *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984). And, given defendant's statements and testimony, we cannot conclude that but for counsel's conduct, there is a reasonable probability that the outcome of trial would have been different.

Affirmed.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Patrick M. Meter

-3-