# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 23, 2017

Plaintiff-Appellee,

v

No. 330060
Eaton Circuit Court
LC No. 15-020095-FH

JOHN HERBERT GONZALES,

Defendant-Appellant.

Before: HOEKSTRA, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

Defendant appeals his conviction following a jury trial of possession of a controlled substance (Diazepam, a/k/a Valium), MCL 333.7403(2)(b). Defendant was sentenced as a second habitual offender, MCL 769.10, to 195 days' imprisonment. Because the trial court did not err when it precluded defendant's ex-wife from testifying at trial, we affirm.

Defendant was arrested after a pill bottle containing Diazepam was found on his person during a pat-down search administered during a traffic stop, where he was the sole occupant of his ex-wife's vehicle. During the pat-down search, Michigan State Police Trooper Michael Baker felt an object and asked defendant what it was. Defendant said that it was his ex-wife's Valium. Laboratory testing confirmed that the pills contained Diazepam.

At the trial court, and before jury voir dire, the prosecution moved to exclude the introduction of defendant's ex-wife's testimony. As an offer of proof, defendant's ex-wife stated that despite being divorced from defendant, she shared a home with him on the day he was arrested. She agreed that it was "not uncommon" for her Diazepam to be in her van. She further agreed that she would often allow defendant to possess her Diazepam. She confirmed that she was not a "medical doctor," a "pharmacist," or that she had "any authorization to prescribe or dispense controlled substances to another person." The prosecution argued that her testimony was not relevant as she could not provide res gestae evidence because she was not present during the offense and that any testimony about her holding a valid prescription for the Diazepam could not be used to provide defendant a defense under the Public Health Code (PHC), MCL 333.1101 *et seq.* Alternatively, the prosecution argued that even if the evidence was relevant, then it nonetheless should be excluded pursuant to MRE 403 because any probative value it might have would be substantially outweighed by confusion of the issues or misleading the jury. The trial court granted the prosecution's motion and found that the proposed testimony was irrelevant and

"confusing to the jury." The trial court reasoned that "the only purpose" for her testimony would be to state "that she had a prescription for the Valium," but that testimony was not relevant to any element of the offense or to any defense. The court rejected defendant's argument that the PHC should be read broadly such as to allow non-listed persons to authorize possession of a controlled substance.

On appeal, defendant argues that the trial court's decision to bar the testimony of defendant's ex-wife deprived him of his constitutional right to present a defense as it precluded him from presenting the only witness who could corroborate his defense. We review whether a defendant was denied his constitutional right to present a defense de novo. *People v Steele*, 283 Mich App 472, 480; 769 NW2d 256 (2009). Additionally, we review a trial court's decision to exclude evidence for an abuse of discretion, *People v Brownridge*, 459 Mich 456, 464-465; 591 NW2d 26 (1999), and a "trial court abuses its discretion when its decision falls outside the range of principled outcomes or when it erroneously interprets or applies the law," *People v Lane*, 308 Mich App 38, 51; 862 NW2d 446 (2014) (citations omitted).

"A defendant has a constitutionally guaranteed right to present a defense, which includes the right to call witnesses." *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008). "But this right is not absolute: the accused must still comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id.* (quotation marks and citations omitted); see also *United States v Scheffer*, 523 US 303, 308; 118 S Ct 1261; 140 L Ed 2d 413 (1998) ("A defendant's interest in presenting such evidence may thus bow to accommodate other legitimate interests in the criminal trial process." (quotation marks and citations omitted)). For example, consistent with our rules of evidence, "the right to present a defense extends only to relevant and admissible evidence." *People v Solloway*, ___ Mich App ___; ___ NW2d ___ (2016) (Docket No. 324559), slip op, p 12 (quotation marks and citation omitted). "Such rules do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *People v Unger*, 278 Mich App 210, 250; 749 NW2d 272 (2008), quoting *Scheffer*, 523 US at 308.

As a cornerstone of the rules of evidence, "relevant evidence is admissible" and "[e]vidence which is not relevant is not admissible." MRE 402. "'Relevant evidence' [has a] tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. The threshold question to ask is whether the ex-wife's testimony established any fact that "was of consequence to the determination of the action." *People v Mills*, 450 Mich 61, 67; 537 NW2d 909 (1995), quoting *United States v Dunn*, 805 F2d 1275, 1281 (CA 6, 1986). As explained herein, we answer the question in the negative.

To prove that a defendant is guilty of possession of a controlled substance, the prosecution is required to prove that the defendant (1) "knowingly or intentionally" (2) "possess[ed]" (3) a "schedule 1, 2, 3, or 4" "controlled substance." MCL 333.7403(1) and (2)(b)(*ii*). However, a defendant is exempt if he obtained the substance "from, or pursuant to, a

valid prescription or order of a practitioner while acting in the course of the practitioner's professional practice, or . . . as otherwise authorized by this article." MCL 333.7403(1). The PHC defines "practitioner" to include the following: a prescriber,[1] a pharmacist, a scientific investigator, a pharmacy, a hospital, and "[an]other person" or "institution or place of professional practice" that is "licensed, registered, or otherwise permitted to distribute, dispense, conduct research with respect to, or administer a controlled substance in the course of professional practice or research in" Michigan. MCL 333.7109(3).

When a defendant seeks to invoke an exemption or exception under § 7403(1), the burden rests with the defendant. MCL 333.7531(1); *People v Pegenau*, 447 Mich 278, 289-293; 523 NW2d 325 (1994). Here, the proposed testimony of defendant's ex-wife was not relevant to any aspect of whether defendant committed the charged crime. Importantly, the testimony does not show that defendant came into possession of the Diazepam "from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of the practitioner's professional practice, or . . . as otherwise authorized by this article." MCL 333.7403(1). Instead, the testimony shows that the ex-wife was not any of the enumerated people under the statute, such as a practitioner or prescriber. As a result, because defendant's ex-wife was not one of the enumerated people under the statute, whether she gave him "authorization" to possess her controlled substance was not pertinent, i.e., "relevant," under the applicable law. See *Pegenau*, 447 Mich at 297 ("Even if [a defendant] had obtained the drugs from a family member or friend, who had obtained them pursuant to a valid prescription, his possession would be unlawful under the act.") (opinion by MALLETT, J). In sum, we reject defendant's view that, although not mentioned in the statute, a valid prescription-holder nonetheless can "authorize" someone else to carry the prescription-holder's controlled substance. We are prohibited from reading more into the statute than what it says. *People v Hock Shop, Inc*, 261 Mich App 521, 528; 681 NW2d 669 (2004).

Thus, the court did not abuse its discretion when it precluded the ex-wife's testimony. And because the exclusion of the evidence was based on a valid, non-arbitrary rule of evidence, defendant's claim that he was denied the right to present a defense necessarily fails. See *Unger*, 278 Mich App at 250-251 (stating that MRE 402 "simply bars the admission of irrelevant evidence" and is "neither 'arbitrary' nor 'disproportionate to the purposes they are designed to serve.'").

---

[1] A "prescriber," in turn, means a licensed dentist, doctor of medicine, doctor of osteopathic medicine and surgery, doctor of podiatric medicine and surgery, optometrist, veterinarian, or "another licensed health professional acting under the delegation and using, recording, or otherwise indicating the name of the delegating licensed doctor of medicine or licensed doctor of osteopathic medicine and surgery." MCL 333.7109(4) and MCL 333.17708(2).

Affirmed.

/s/ Joel P. Hoekstra
/s/ Henry William Saad
/s/ Michael J. Riordan