PEOPLE v RODRIQUEZ (ON REMAND)

Docket No. 190721. Submitted December 1, 1995, at Lansing. Decided April 16, 1996, at 9:05 A.M. Leave to appeal sought.

Manuel R. Rodriquez was convicted by a jury in the Recorder's Court for the City of Detroit, John H. Hausner, J., of second-degree criminal sexual conduct and was sentenced to eight to fifteen years in prison. The trial court ruled that certain statements that the complainant made to her teachers were not hearsay and could be introduced into evidence because they constituted prior consistent statements by the complainant introduced to rebut the defendant's charge of recent fabrication. The defendant appealed, and the Court of Appeals, DOCTOROFF, C.J., and T. G. KAVANAGH and R. C. LIVO, JJ., affirmed in an unpublished opinion per curiam, issued February 13, 1995 (Docket No. 161389). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration of the question whether MRE 801(d)(1)(B) allows the admission of statements of third parties made after the charged fabrication arose. 450 Mich 924 (1995).

On remand, the Court of Appeals held:

1. A consistent statement made after the motive to fabricate arose does not fall within the parameters of the hearsay exclusion for prior consistent statements. Because each of the complainant's reasons for allegedly fabricating the charges against the defendant occurred before the complainant's conversations with her teachers, the testimony of the teachers regarding what the complainant told them about the alleged sexual abuse should not have been admitted as prior consistent statements to rebut a charge of recent fabrication.

2. The admission of the evidence was harmless error. The teachers' testimony was cumulative evidence and the admission of the evidence did not prejudice the defendant.

Affirmed.

EVIDENCE — HEARSAY — EXCEPTIONS — PRIOR CONSISTENT STATEMENTS — RECENTFABRICATION.

Out-of-court statements made by a declarant after an alleged motive to fabricate arises do not fall within the parameters of the hearsay exception regarding prior consistent statements offered to rebut an

express or implied charge against the declarant of recent fabrication; a prior consistent out-of-court statement of a declarant must have been made before the alleged fabrication came into being in order to be admissible to rebut such a charge (MRE 801[d]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Carolyn M. Breen,* Assistant Prosecuting Attorney, for the people.

*James Sterling Lawrence,* for the defendant on appeal.

ON REMAND

Before: DOCTOROFF, C.J., and MACKENZIE and WAHLS, JJ.

PER CURIAM. We review this case on remand from our Supreme Court. 450 Mich 924 (1995). In our original opinion, we affirmed the ruling of the trial court that certain statements introduced into evidence were not hearsay because they constituted prior consistent statements by complainant introduced to rebut defendant's charge of recent fabrication pursuant to MRE 801(d)(1)(B). Unpublished opinion per curiam of the Court of Appeals, issued February 13, 1995 (Docket No. 161389). Our Supreme Court instructed this Court to consider on remand whether MRE 801(d)(1)(B) allows the admission of prior consistent statements of witnesses made after the motive for fabrication arose. We affirm.

In a jury trial, defendant was convicted of second-degree criminal sexual conduct. MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). The complainant was his thir-

teen-year-old stepdaughter. During the trial, defendant argued that complainant had a history of lying and that she fabricated the alleged sexual abuse. At trial, two teachers testified that complainant had told them about the alleged sexual abuse. Defendant argued that the teachers' testimony regarding complainant's out-of-court statements was inadmissible hearsay. The trial court ruled that this testimony was admissible as a prior consistent statement pursuant to MRE 801(d)(1)(B).

MRE 801(d) states:

> *Statements which are not hearsay.* A statement is not hearsay if—
>
> (1) *Prior statement of witness.* The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive.

The United States Supreme Court has recently addressed this issue with regard to FRE 801(d)(1)(B). The Supreme Court held that the requirement of recent fabrication indicated that the consistent statements must have been made before the motive to fabricate arose. While a consistent statement that predates the motive is a square rebuttal of the charge that the testimony was contrived, consistent statements made after the motive to fabricate arose provide very little support against a charge of fabrication. *Tome v United States*, 513 US ___, ___; 115 S Ct 696; 130 L Ed 2d 574 (1995). MRE 801(d)(1)(B) is identical to its federal counterpart regarding prior consistent statements of a declarant to rebut a charge of recent fabrication. FRE 801(d)(1)(B). Therefore, for the rea-

sons stated in *Tome, supra,* a consistent statement made after the motive to fabricate arose does not fall within the parameters of the hearsay exclusion for prior consistent statements.

In this case, defense counsel explored the complainant's reasons for allegedly fabricating the charges against defendant. Because each of these motives to fabricate occurred before her conversations with her teachers, the complainant's statements should not have been admitted as prior consistent statements to rebut a charge of recent fabrication.

However, we hold that the erroneous admission of this evidence was harmless. The erroneous admission of evidence is harmless if it did not prejudice the defendant. *People v Lee,* 212 Mich App 228, 244; 537 NW2d 233 (1995). The teachers testified about prior statements of the complainant. Because the complainant testified about the alleged sexual abuse at trial, the teachers' testimony only reiterated the complainant's testimony that she had been abused. Because the teacher's testimony was mere cumulative evidence, we hold that the admission of this testimony did not prejudice defendant. *People v Fortson,* 202 Mich App 13; 507 NW2d 763 (1993).

Affirmed.