# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 8, 2016

v

MICHAEL ALLEN FREW, SR.,

Defendant-Appellant.

No. 324961
Calhoun Circuit Court
LC No. 2014-001929-FC

Before: SERVITTO, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his convictions following a jury trial of two counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(b)(*ii*) (defendant related to victim). The trial court sentenced defendant as a second habitual offender, MCL 769.10, to concurrent prison terms of 14 to 40 years. We affirm defendant's convictions, but remand for resentencing.

## I. BACKGROUND FACTS

Defendant was accused of sexually abusing his daughter beginning when she was eight or nine years old and continuing until she reached the age of 16. The victim did not disclose the abuse until 2014, after she moved into the home of her foster mother. Defendant denied any misconduct. At trial, he argued that the victim fabricated the abuse because defendant refused to release his parental rights over her. He asserted that the victim wanted to live independently outside of his home. The victim testified that she sent defendant a text message asking him to release his parental rights, then learned about an independent living option, and finally disclosed the abuse to her foster mother.

## II. ANALYSIS

### A. PRIOR CONSISTENT STATEMENTS

Defendant first argues that the trial court improperly admitted hearsay statements during the foster mother's testimony, which he now argues should not have been admitted because the statements did not fall within the hearsay exclusion of MRE 801(d)(1)(B). Defendant cites several pages of the foster mother's trial testimony that he contends contained inadmissible hearsay. Within the cited transcript excerpt, defendant raised a hearsay objection to the foster

-1-

mother's testimony that the victim "told [her] that [defendant] would hit her with shoes," which the trial court sustained. The objection was sustained as to some, but clearly not all, of the foster mother's testimony cited by defendant. At trial, defendant did not raise any arguments pursuant to MRE 801(d)(1)(B). Accordingly, this issue is unpreserved. See *People v Considine*, 196 Mich App 160, 162; 492 NW2d 465 (1992) ("To preserve an evidentiary issue for appellate review, a party must object timely at trial and specify the same ground for objection as is asserted on appeal."). We review unpreserved issues for plain error. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 763.

"Hearsay is defined as an out-of-court statement offered in evidence to prove the truth of the matter asserted." *People v Tanner*, 222 Mich App 626, 629; 564 NW2d 197 (1997), citing MRE 801(c). Generally, hearsay is not admissible. MRE 802. However, pursuant to MRE 801(d)(1)(B), testimony concerning a witness's prior consistent statement "offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive" does not constitute hearsay even though it would otherwise fall within the definition. See *People v Rodriquez*, 216 Mich App 329, 331-332; 549 NW2d 359 (1996). Nonetheless, a "statement made *after* the motive to fabricate arose does not fall within the parameters of the hearsay exclusion for prior consistent statements." *Id*. at 332 (emphasis added).

As a preliminary matter, it is unclear what specific testimony defendant is challenging. In the transcript pages cited by defendant, the foster mother mentioned her own history of being sexually molested, discussed the time and location the victim disclosed defendant's abuse to her, described the victim's demeanor during the disclosure, and provided a general summary of the abuse the victim disclosed. The trial court sustained defendant's objection to the foster mother's particular testimony concerning what the victim "told" her about the specifics of defendant's physical abuse. Defendant cannot abdicate to this Court the responsibility of making a rational argument, which would necessarily include identifying the particular testimony that the trial court allegedly admitted in error. See *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.").

In any event, even if the victim's alleged motive to fabricate the abuse, i.e., causing defendant to release his parental rights, arose before the victim disclosed the abuse to her foster mother, which would mean that the victim's assertions of abuse were not admissible as prior consistent statements under MRE 801(d)(1)(B),[1] any error in admitting the evidence was harmless. An evidentiary error does not warrant reversal unless it is "more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999). The victim testified extensively about defendant's abuse. The foster mother's testimony

---

[1] It bears repeating that this testimony was not specifically admitted under MRE 801(d)(1)(B) because defendant never raised or mentioned this subrule in the trial court.

was mere cumulative evidence because she simply reiterated the victim's testimony that she had been abused. See *Rodriquez*, 216 Mich App at 332 (holding that the erroneous admission of prior consistent statements was harmless error when the testimony "only reiterated the complainant's testimony that she had been abused"). Moreover, the victim's testimony alone was sufficient to sustain defendant's convictions. See *People v Szalma*, 487 Mich 708, 724 n 36; 790 NW2d 662 (2010); MCL 750.520h ("The testimony of a victim need not be corroborated in prosecutions under [MCL 750.520b to 520g]."). In light of the victim's testimony, defendant has not shown the requisite prejudice.[2]

## B. HABITUAL OFFENDER SENTENCING ENHANCEMENT

Defendant next argues that the trial court erred by sentencing him as a second habitual offender because the conviction used for the enhancement did not precede the sentencing offense. Defendant failed to preserve this issue in the trial court, so our review is for plain error affecting substantial rights. *People v Loper*, 299 Mich App 451, 457; 830 NW2d 836 (2013).[3]

MCL 769.10(1) provides that "[i]f a person has been convicted of a felony . . . and that person commits a subsequent felony within this state, the person shall be punished upon conviction of the subsequent felony and sentencing." The parties agree that the trial court erred by sentencing defendant as a second habitual offender. Defendant was convicted of two counts of CSC I in relation to conduct that occurred during the summer of 2013. Defendant was not arrested for his enhancement offense of attempted resisting and obstructing a police officer pursuant to MCL 750.81d(1) until December 21, 2013, and he was not convicted of the offense until January 2, 2014. A defendant's prior conviction must precede the commission of the sentencing offense in order to enhance a sentence under the habitual offender statutes. *People v Sanders*, 91 Mich App 737, 744; 283 NW2d 841 (1979). Accordingly, plain error occurred.

Further, the plain error affected defendant's substantial rights because the second habitual offender enhancement increased his minimum sentencing guidelines range from 81 to 135

---

[2] Defendant suggests that admission of the evidence also violated his constitutional due process rights, but he gives the issue only cursory treatment with minimal citation to authority. Therefore, we consider the issue abandoned on appeal. See *Kelly*, 231 Mich App at 640-641.

[3] Plaintiff argues that defendant waived this issue at sentencing when, after a discussion concerning the points assigned under a prior record variable, defense counsel acknowledged that defendant would be sentenced "as a habitual second offender." Considering the record as a whole, we are not convinced that defense counsel's statement constituted consent to defendant's habitual offender status. See *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (holding that defense counsel's expression of satisfaction with a trial court's decision constituted waiver). Nor did defendant repeatedly admit his status as a second habitual offender. See *People v Siterlet*, 496 Mich 919; 840 NW2d 372 (2013) (holding that a defendant waived any error regarding his habitual offender enhancement by "repeatedly admitting his status as a fourth habitual offender"). Therefore, defendant did not waive this claim of error.

months to 81 to 168 months,[4] and the trial court sentenced defendant at the very top of the guidelines range (168 months).  The trial court did not state any intent to depart from the guidelines.  Moreover, the trial court's plain error resulted in defendant receiving at least an additional 33 months on his sentence, which "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings."  *Carines*, 460 Mich at 763-764 (quotation marks and citation omitted; alteration in original).  Therefore, defendant is entitled to resentencing.

We affirm defendant's convictions, but remand for resentencing consistent with this opinion.  We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien

---

[4] MCL 777.62; MCL 777.21(3)(a).

-4-