*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

PATRICK WAYNE KOGER,

Defendant-Appellant.

UNPUBLISHED
June 11, 2025
12:10 PM

No. 368488
Oakland Circuit Court
LC No. 2020-275314-FH

Before: K. F. KELLY, P.J., and O'BRIEN and ACKERMAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions for third-degree fleeing and eluding a police officer, MCL 257.602a(3)(a); carrying a firearm during commission of a felony (felony-firearm), third offense, MCL 750.227b; felon in possession of a firearm (felon-in-possession), MCL 750.224f; assaulting, resisting, or obstructing a police officer, MCL 750.81d(1); operating under the influence (OUI), MCL 257.625; operating with license suspended or revoked, MCL 257.904(1); and failure to stop after a collision, MCL 257.620. We affirm.

## I. BACKGROUND

This case arises out of a hit-and-run incident on April 22, 2020, in Southfield, Michigan. According to testimony at defendant's trial, at about 10:50 p.m. on that day, 911-dispatch-supervisor Lauren Richards received a call from Richard Billingslea, who stated that a Crown Victoria had hit his car at the intersection of 9 Mile Road and Telegraph Road, then fled. Billingslea gave the plate of the vehicle and a description of the driver. Billingslea also said that the other driver had pointed a gun at him. Before trial, defendant stipulated to the admission of all of the prosecution's exhibits, including Billingslea's 911 call, and that call was played for the jury without objection.

Officer Joseph Martinez of the Southfield Police Department responded to Billingslea's call. At defendant's trial, Officer Martinez testified that Billingslea told him the same information that Billingslea relayed in his 911 call. After speaking with Billingslea, Officer Martinez drove to a nearby park to write his report. While preparing the report, Officer Martinez saw a Crown Victoria matching the description given by Billingslea drive by. Officer Martinez followed the car

-1-

and activated the lights of his patrol car, but the Crown Victoria did not pull over. Instead, the Crown Victoria led Officer Martinez on a highspeed chase into a residential neighborhood, where the Crown Victoria eventually went into a ditch. Defendant, the driver of the Crown Victoria, then fled on foot and was tackled by another officer. A different officer searched the Crown Victoria and found a handgun under the driver's seat. The gun's serial number was associated with Tina Boston-Smith.

Boston-Smith was called as a defense witness at trial. She testified that defendant had driven his Crown Victoria to her house on the afternoon of April 22, 2020. Then later that day, while defendant stayed at Boston-Smith's house, Boston-Smith took defendant's Crown Victoria to the store. Boston-Smith—who had a concealed pistol license—took her firearm with her and tucked it underneath the driver's seat of defendant's car. After she returned from the store, she left her gun in defendant's car but did not realize her mistake until the next day.

Defendant was convicted as previously stated. This appeal followed.

## II. HEARSAY AND THE CONFRONTATION CLAUSE

Defendant argues that the trial court erroneously allowed Officer Martinez to testify about statements made by Billingslea because the testimony was inadmissible hearsay and violated defendant's rights under the Confrontation Clause. Defendant alternatively argues that his trial counsel was ineffective for not objecting to Officer Martinez's allegedly-inadmissible testimony. Neither argument warrants appellate relief.

## A. PRESERVATION AND STANDARD OF REVIEW

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019). Defendant did not object to Officer Martinez's disputed testimony during trial, so defendant's challenge to the substantive admissibility of the officer's testimony is unpreserved.

An unpreserved issue is reviewed for plain error affecting substantial rights. *People v Shafier*, 483 Mich 205, 211; 768 NW2d 305 (2009); *Thorpe*, 504 Mich at 252. To establish plain error affecting substantial rights, a defendant must show that (1) an error occurred, (2) the error was obvious, and (3) the error affected a substantial right. *People v Pipes*, 475 Mich 267, 279; 715 NW2d 290 (2006). An error affects substantial rights if the error was "outcome determinative." *Id*.

After defendant filed this appeal, he moved for a new trial in the trial court, raising the same issues that he now raises on appeal. This motion preserved defendant's ineffective-assistance claim, see *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020), but, contrary to defendant's argument on appeal, it did not preserve his challenge to the substantive admissibility of Officer Martinez's testimony.

Whether a defendant has been denied effective assistance of counsel is a mixed question of fact and law—the trial court's factual findings are reviewed for clear error, while the court's

legal conclusions are reviewed de novo. *People v Haynes*, 338 Mich App 392, 429; 980 NW2d 66 (2021). When, as here, a defendant fails to obtain an evidentiary hearing on his ineffective-assistance claim, this Court's review is "limited to errors apparent on the record." *Id*.

## B. ANALYSIS

Before Officer Martinez testified, the prosecution called Richards, the 911 dispatch supervisor. During Richards' testimony, the jury heard Billingslea's 911 call. In that call, Billingslea can be heard saying that someone hit his car and threatened him with a gun. Billingslea gave a description of the car, what he believed to be the car's license plate, a description of the driver, what the driver was wearing, and where the vehicle was heading. During defendant's trial, Richards confirmed what Billingslea said during the 911 call, including that the person Billingslea saw driving the Crown Victoria "pointed a gun at" Billingslea. Officer Martinez was called after Richards, and he confirmed that he interviewed Billingslea. Officer Martinez then testified about statements that Billingslea made in the interview, including that Billingslea wanted to file a report or "some sort of documentation that the gun was pulled on [him]," as well as Billingslea's description of the weapon.

While defendant makes two distinct arguments on appeal, they both challenge Officer Martinez's testimony about statements made by Billingslea. Defendant does not identify any particular part of Officer Martinez's testimony that he is challenging, though defendant emphasizes that Officer Martinez testified about "Billingslea's statements that the perpetrator of the hit and run accident threatened him with a gun." While true, the jury heard the same information in Billingslea's 911 call. Richards also confirmed during her testimony that Billingslea said that the perpetrator of the hit-and-run incident threatened Billingslea with a gun. Defendant does not contest that this evidence was properly before the jury, and he fails to identify any part of Officer Martinez's contested testimony that was not duplicative of other evidence that was before the jury. This deficiency in defendant's argument makes resolution of this appeal relatively straightforward.

Substantively, assuming without deciding that it was plain error for the trial court to allow Officer Martinez to testify about what Billingslea said to the officer, the error did not prejudice defendant. Defendant argues only that this alleged error was outcome determinative because "[t]he jury heard evidence of an alleged assault with a gun, a prior act that took place before [defendant's] subsequent arrest," which hampered defendant's defense that he had no knowledge of the gun because he did not know that Boston-Smith had left it in his car. But, again, in Billingslea's 911 call, the jury heard Billingslea say that the person in the Crown Victoria pointed a gun at him, and Richards confirmed that Billingslea told her during the call that a gun was pointed at him. Officer Martinez's testimony that Billingslea told him that the perpetrator pointed a gun at him was thus cumulative to other evidence that was before the jury. See *People v Rodriquez*, 216 Mich App 329, 332; 549 NW2d 359 (1996) ("Because the teacher's testimony was mere cumulative evidence, we hold that the admission of this testimony did not prejudice defendant.").

Untainted evidence besides Billingslea's 911 call and Richards' testimony about the call also supported that defendant was aware of the gun in his car, further undermining defendant's appellate argument. Jurors heard that Officer Martinez responded to a 911 call in which someone reported being threatened with a gun as part of a hit-and-run incident. After Officer Martinez spoke with the complainant—Billingslea—the officer saw a car matching the description of the

suspected vehicle drive by. When Officer Martinez attempted to stop the car, it fled, leading Officer Martinez on a highspeed chase. When the car was immobilized, its driver—later identified as defendant—tried to escape on foot. After defendant was detained, officers searched defendant's car and found a firearm under the driver's seat, which was consistent with the information they had received from dispatch that the perpetrator of the hit-and-run was armed. The foregoing illustrates that there was strong untainted evidence supporting that defendant was aware of the firearm in his car, undermining his defense that he had no knowledge of the gun. Considering the weight and strength of the untainted evidence, combined with the fact that Officer Martinez's disputed testimony was cumulative to other evidence that was before the jury (and to which defendant does not raise any objection), we conclude that any error in the admission of Officer Martinez's disputed testimony was not outcome determinative. See *People v Gursky*, 486 Mich 596, 620; 786 NW2d 579 (2010) (explaining that the "inquiry into prejudice focuses on the nature of the error and assesses its effect in light of the weight and strength of the untainted evidence") (quotation marks and citation omitted). It follows that defendant has not established plain error affecting substantial rights. See *Pipes*, 475 Mich at 279.

Turning to defendant's ineffective-assistance claim, our Supreme Court has explained that "a finding that a defendant failed to satisfy the prejudice prong when complaining about an error by the court will not necessarily mean that the defendant is unable to prevail on an ineffective-assistance claim relating to the same underlying issue." *People v Randolph*, 502 Mich 1, 14; 917 NW2d 249 (2018). A reviewing court instead "must evaluate the record evidence relevant to each independent legal claim." *Id*. at 15.

To establish a claim of ineffective assistance, a defendant must show that (1) counsel's performance fell below an objective level of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome of defendant's trial would have been different. *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Assuming without deciding that defendant's trial counsel's failure to object to Officer Martinez's allegedly-inadmissible testimony fell below an objective standard of reasonableness, defendant has not established that there is a reasonable probability that the outcome of his trial would have been different but for his trial counsel's failure.

Defendant's ineffective-assistance argument mirrors his plain-error argument—he contends that his counsel's failure to object to Officer Martinez's testimony prejudiced defendant because "[t]he jury heard evidence of an alleged assault with a gun, perpetrated by a man whose description provided by Mr. Billingslea matched that of [defendant] on the night of the incident." As explained above, however, the jury heard this same evidence in both Billingslea's 911 call and during Richards' testimony about that call, in which she confirmed that Billingslea reported being threatened with a gun by the suspected perpetrator of the hit-and-run. Defendant does not argue that his trial counsel was ineffective for not objecting to this evidence, so there is no dispute that this evidence—which was cumulative of Officer Martinez's allegedly-inadmissible testimony—was properly before the jury. In addition, as explained above, defendant does not dispute that it was proper for the jury to hear that Officer Martinez responded to a call about an armed driver involved in a hit-and-run, that Officer Martinez identified a vehicle matching the description of the vehicle involved in the hit-and-run, that the suspected vehicle fled when Officer Martinez tried to initiate a traffic stop, and that officers found a gun under the driver's seat of the car after the car's driver—defendant—was apprehended. Considering the weight and strength of this untainted

-4-

evidence supporting that defendant was aware of the gun in the car, we conclude that there was not a reasonable probability that the outcome of defendant's trial would have been different had defendant's trial counsel objected to Officer Martinez's allegedly-inadmissible testimony.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Colleen A. O'Brien
/s/ Matthew S. Ackerman